IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL E. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-13-141-D |
| | ) | |
| WARDEN, OKLAHOMA TRANSFER CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se*, filed this civil action pursuant to 28 U.S.C. § 2241 on February 8, 2013. The matter was referred to the undersigned Magistrate Judge by United States District Judge DeGiusti on February 11, 2013, for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). On February 13, 2013, the undersigned reviewed the pleadings filed by Plaintiff and entered an Order notifying Plaintiff that the documents filed on February 8, 2013, were deficient because Plaintiff's motion to proceed *in forma pauperis* was missing financial information and/or the signature of an authorized officer of the penal institution and also missing a certified copy of the six-month statement(s) of Plaintiff's institutional account(s). Additionally, Plaintiff was notified that his Complaint was not filed on the proper form or under the proper jurisdictional authority because the Complaint was filed on a 28 U.S.C. § 2241 habeas corpus form, but the claims raised by

1

Plaintiff and the relief he sought challenged the conditions of his confinement rather than the factor duration of his confinement. The Plaintiff was ordered to cure these deficiencies by March 4, 2013, and advised that if the deficiencies were not cured, the undersigned would recommend the dismissal of the action without prejudice. On February 13, 2013, the Plaintiff filed a Notice of Change of Address. On February 14, 2013, the Clerk remailed to Plaintiff at his new address a copy of the Order (Doc. #5). As of this date, Plaintiff has failed to comply or file any further pleadings with the Court.

Plaintiff's lack of interest in complying with the Court's Order combined with the Court's attempt to manage and control its caseload warrant a dismissal of the Complaint without prejudice. See Gripe v. City of Enid, Okla., 312 F.3d 1184, 1188 (10th Cir. 2002) (Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failure to comply with court's orders). See also Nasious v. Two Unknown B.I.C.E Agents at Arapahoe County Justice Center, 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007)(*sua sponte* dismissal for failure to comply with court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing action without prejudice for failure to comply).

## RECOMMENDATION

In view of the foregoing, the undersigned recommends that the action be dismissed without prejudice. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___March 27th___, 2013, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and

Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___7th___ day of _____March_, 2013.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE